**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 25-00113-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| KEVIN TERRELL LEWIS (01) a.k.a. "KELVIN LEWIS" | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a Motion to Sever Trial (Record Document 78) filed by Defendant Kelvin Lewis ("Kelvin Lewis").[1] Pursuant to Federal Rule of Criminal Procedure 14(a), Kelvin Lewis seeks to sever the trials of each defendant from the other, or, alternatively, disallow the Government's use of – in its case-in-chief – any variation of Larry Lewis's statement to law enforcement. See id. at 1. The Government filed a response in opposition to the Motion to Sever Trial, arguing joinder is proper and that it will not adduce any evidence in violation of Bruton v. United States, 391 U.S. 123 (1968).[2] See Record Document 82.

**Facts**

On August 6, 2025, the Government filed a six-count Superseding Indictment charging Kelvin Lewis and Larry Lewis – who are brothers – with two separate robberies, one of which resulted in death. See Record Document 37. Count One charges both

[1] The Superseding Indictment charges Kevin Terrell Lewis a.k.a. "Kelvin Lewis." Record Document 37. The instant motion refers to the defendant as Kelvin Lewis.

[2] Admission at trial of a co-defendant's post-conspiracy confession implicating the defendant is reversible error where the co-defendant does not testify, because it violates the defendant's right to confront his accusers. See Bruton v. United States, 391 U.S. 123 (1968); U.S. Const. Amend. VI.

defendants with Conspiracy to Use, Carry, Brandish, and Discharge Firearms During and in Relation to a Crime of Violence, all in violation of 18 U.S.C. § 924(o). See id. at 1. The time period of the conspiracy covers both alleged robberies. See id. Count Two charges both defendants with committing a robbery of the owner/manager of the Pull-Up Liquor Store on December 23, 2024, all in violation of 18 U.S.C. §§ 1951(a),[3] (b)(1) & 2. See id. at 2. Count Three charges Kelvin Lewis with a Section 924(c) firearm offense for the Pull-Up Liquor Store robbery. See id. at 2-3. Count Four charges both defendants with committing a robbery of B.J., at Walgreens on January 22, 2025, all in violation of 18 U.S.C. §§ 1951(a), (b)(1) & 2. See id. at 4. Count Five charges Kelvin Lewis with a Section 924(c) firearm offense for the Walgreen robbery. See id. at 3-4. Count Six charges both defendants with Causing Death by Using and Discharging a Firearm During and in Relation to a Crime of Violence, all in violation of 18 U.S.C. §§ 924(j)(1) and 2. See id. at 4.

During the investigation of the charged offenses, Larry Lewis made a statement to law enforcement. See Record Document 78, Exhibit A (Flash Drive). The defense submits that in this statement, Larry Lewis made numerous statement indirectly implicating Kelvin Lewis in the robberies and death of B.J. See Record Document 78-1 at 2. More specifically, the defense maintains that Larry Lewis provided a description of Kelvin Lewis's clothes for the day of the murder and claimed Kelvin Lewis messed with different individuals, in a manner which insinuates criminal activity. See id. Based on this statement, Kelvin Lewis requests the trials be severed or, in the alternative, the Government be disallowed from using Larry Lewis's statement.

[3] 18 U.S.C. § 1951 is commonly known as The Hobbs Act.

**Law**

Rule 14 provides:

(a) Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

(b) Defendant's Statements. Before ruling on a defendant's motion to sever, the court may order an attorney for the government to deliver to the court for in camera inspection any defendant's statement that the government intends to use as evidence.

Fed. R. Crim. P. 14.

The Fifth Circuit has held that joint trials are preferred, "particularly in conspiracy cases," and review of the denial of a motion to sever is highly deferential. United States v. Page, 181 F.4th 509, 528 (5th Cir. 2026), citing United States v. Daniel, 933 F.3d 370, 380 (5th Cir. 2019). Absent "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence," severance is not warranted. Page, 181 F.4th at 528, citing Zafiro v. United States, 506 U.S. 534, 539, 113 S.Ct. 933 (1993). "A spillover effect, by itself, is an insufficient predicate for a motion to sever." United States v. Bieganowski, 313 F.3d 264, 287 (5th Cir. 2002). The Fifth Circuit emphasized that "curative instructions are the preferred remedy for problems caused by joint trials." Page, 181 F.4 at 528. A defendant bears a heavy burden of showing to show severance is required. See id.

The Sixth Amendment's Confrontation Clause is violated when testimonial statements are introduced of a witness who did not appear at trial and the defendant had no opportunity to cross examine. See Crawford v. Washington, 541 U.S. 36, 53-54 (2004). If evidence is found to be testimonial, the Confrontation Clause bars the

introduction of such evidence unless the proponent shows the declarant is unavailable and the defendant had a prior opportunity for cross examination. See United States v. Richardson, 781 F.3d 237, 243 (5th Cir. 2015). "Interrogations solely directed at establishing the facts of a past crime, in order to identify (or provide evidence to convict) the perpetrator' fall squarely within the definition of testimonial hearsay." United States v. Polidore, 690 F.3d 705, 711 (5th Cir. 2012), quoting Davis v. Washington, 547 U.S. 813, 826.

**Analysis**

The defense concedes that Larry Lewis's statement does not directly implicate Kelvin Lewis and that arguably it can be cured by redactions and limiting instructions. See Record Document 78-1 at 3-4, citing United States v. Ramos-Cardenas, 524 F.3d 600, 607 (5th Cir. 2008) (finding the use of a couple indefinite pronouns "they" did not run afoul of the Confrontation Clause). Yet, the defense maintains that the introduction of the statement will certainly prejudice Kelvin Lewis. Kelvin Lewis submits that he "will be indirectly implicated in a fashion that no limiting instruction will be able to cure." Id. at 4.

In response, the Government notes that Bruton does not apply to co-defendant confessions that have been redacted to remove the reference to the defendant, even where the co-defendant's out-of-court statement could be indirectly linked to the defendant's guilt, so long as the court gives the jury a limiting instruction not to consider the co-defendant's out-of-court statement against this defendant. See Richardson v. Marsh, 481 U.S. 200 (1987). To the extent that the out-of-court statement of Larry Lewis may be adduced in the joint trial, the Government states that it will comply with Bruton to ensure that the statement does not improperly implicate or inculpate Kelvin Lewis, and

that Kelvin Lewis's right to confront his accusers is not infringed. See Record Document 82 at 5. Thus, according to the Government, because the evidence will be adduced lawfully, severance of the defendants is not appropriate. See id.

Here, in light of the concessions from both parties, the Court finds that Kelvin Lewis has not demonstrated a serious risk that a joint trial would compromise a specific trial right or prevent the jury from making a reliable judgment about guilt or innocence. See Page, 181 F.4th at 528. The defense concedes that any prejudice from the statement can arguably be cured by redactions and limiting instructions. The concerns regarding the introduction of Larry Lewis's statement to law enforcement have also been eliminated because of the Government's agreement to ensure that the statements comply with Bruton and do not improperly implicate or inculpate Kelvin Lewis. Thus, Kelvin Lewis's right to confront his accusers is not infringed and severance is not required. The Court will issue curative instructions at trial to remedy any potential problem cause by a joint trial in this matter.

Accordingly,

**IT IS ORDERED** that the Motion to Sever Trial (Record Document 78) filed by Kelvin Lewis is **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 18th day of November, 2026.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE